1

2

3                              UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5                                            * * *

6    TONEY A. WHITE, III,                          Case No. 2:23-cv-01441-RFB-NJK

7                              Plaintiff,          **SCREENING ORDER**

8         v.

     NDOC – MEDICAL DIRECTOR, et al.,
9
                               Defendants.
10

11          Pro se Plaintiff Toney White, who is incarcerated in the custody of the Nevada Department

12   of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed

13   two applications to proceed in forma pauperis ("IFP"). (ECF Nos. 1-1, 1, 4). White also filed a

14   First Amended Complaint. (ECF No. 6). He moves the Court to defer ruling on his first IFP

15   application and screening his original complaint, dismiss Defendant Benjamin Estill, issue a

16   temporary restraining order and a preliminary injunction about various matters, and to dismiss his

17   Eighth Amendment failure-to-protect claim. (ECF Nos. 3, 8, 9, 10, 15).

18          An amended complaint replaces the original complaint, See Hal Roach Studios, Inc. v.

19   Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989), so the Court disregards White's

20   original complaint and now screens his FAC under 28 U.S.C. § 1915A. The Court dismisses the

21   FAC with leave to amend because it violates local rules governing the form of documents filed

22   with the Court, including pro se civil-rights complaints, and procedural rules governing the joinder

23   of multiple claims and defendants in a single action. The Court gives White guidance to help him

24   file a second amended complaint that complies with these rules. It denies the motion to defer ruling

25   and screening because it is moot, grants the motions to dismiss Defendant Benjamin Estill and the

26   Eighth Amendment failure-to-protect claim,[1] and denies the motions for a restraining order and a

27

28   _____
         [1] White's reliance on Federal Rule of Civil Procedure 41(a) as the procedural vehicle to
     dismiss this claim is misplaced. Rule 41 governs the dismissal of "actions," not specific claims or
     *(fn. cont…)*

1 preliminary injunction without prejudice because no colorable claims are currently pending.

2 Finally, the Court denies White's first IFP application because it is incomplete, and it defers ruling

3 on his second IFP application, which is complete.

4 **I.    SCREENING STANDARD**

5 Federal courts must conduct a preliminary screening in any case in which an incarcerated

6 person seeks redress from a governmental entity or officer or employee of a governmental entity.

7 See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss

8 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or

9 seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1),

10 (2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901

11 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

12 essential elements: (1) the violation of a right secured by the Constitution or laws of the United

13 States; and (2) that the alleged violation was committed by a person acting under color of state

14 law. West v. Atkins, 487 U.S. 42, 48 (1988).

15 In addition to the screening requirements under § 1915A, under the Prison Litigation

16 Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the

17 allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on

18 which relief may be granted, or seeks monetary relief against a defendant who is immune from

19 such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon

20 which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the

21 Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an

22 amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be

23 given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

24 from the face of the complaint that the deficiencies could not be cured by amendment. Cato v.

25 United States, 70 F.3d 1103, 1106 (9th Cir. 1995), superseded on other grounds by 28 U.S.C.

26 § 1915(e).

27

28 ─────────────

defendants among others. But the Court grants the motion because, as discussed below, it has determined to dismisses the entire Complaint for numerous reasons, and it grants White leave to file a second amended complaint.

2

1       Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v.

2 Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is

3 proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would

4 entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all

5 allegations of material fact stated in the complaint, and the Court construes them in the light most

6 favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations

7 of a pro se complainant are held to less stringent standards than formal pleadings drafted by

8 lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not

9 require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.

10 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of

11 a cause of action is insufficient. Id.

12       Additionally, a reviewing court should "begin by identifying [allegations] that, because

13 they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal,

14 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint,

15 they must be supported by factual allegations." Id. "When there are well-pleaded factual

16 allegations, a court should assume their veracity and then determine whether they plausibly give

17 rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim for

18 relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

19 experience and common sense." Id.

20       Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua

21 sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims

22 based on legal conclusions that are untenable—like claims against defendants who are immune

23 from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims

24 based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams,

25 490 U.S. 319, 327–28 (1989), superseded on other grounds by 28 U.S.C. § 1915(e).

1    **II.      SCREENING OF FAC**

2        **A.      The FAC violates local rules governing form of filed documents.**

3        With limited exceptions that are not relevant here, this Court's local rules instruct that all

4    documents filed with the Court must have text that is double-spaced, size 12 font or larger, and on

5    lines that are numbered consecutively "with no more than 28 lines per page[.]" Nev. LR IA 10-

6    1(a). "A civil-rights complaint filed by a person who is not represented by an attorney must be

7    submitted on the form provided by this [C]ourt and must be legible and contain substantially all

8    the information called for by the [C]ourt's form." Nev. LSR 2-1. And a pro se inmate's civil-rights

9    complaint may not exceed 30 pages unless the inmate seeks and obtains leave of Court to file an

10   oversized complaint. General Order No. 2021-05 at ¶¶ 2(a)–(c).

11       The FAC is 41-pages long. It contains text that is single-spaced. There are no consecutively

12   numbered lines, and on many pages the lines of text far exceed the 28-line limit. (See, e.g., ECF

13   No. 6 at 7, 19, 25, 28, 33). The FAC is dismissed with leave to amend because it fails to comply

14   with the Court's local rules governing the form of filed documents, including a pro se inmate's

15   civil-rights complaint.

16       **B.      The FAC violates rules governing the joinder of multiple claims or defendants

17              in a single action.**

18       A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure

19   ("FRCP") 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the

20   same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where

21   the right to relief arises out of the same "transaction, occurrence, or series of transactions or

22   occurrences" and "any question of law or fact common to all defendants will arise in the action."

23   However, unrelated claims that involve different defendants must be brought in separate lawsuits.

24   See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that

25   would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff,

26   B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in

27   different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to

28   avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required

filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the PLRA. 28 U.S.C. § 1915(g).

The FAC brings claims under 42 U.S.C. §§ 1985 and 1986; the First, Eighth, and Fourteenth Amendments; the Americans with Disabilities Act; and the Rehabilitation Act against dozens of prison officials and staff contending they retaliated against White for filing grievances and lawsuits; were indifferent to his medical needs, need for safety from other inmates' violence, and unsanitary conditions in segregated housing; discriminated against him in cell searches on the basis of his sexual orientation or gender; destroyed or lost his personal property; used excessive force against him; and interfered with his right to access the courts. These claims do not arise out of a single occurrence or series of related occurrences, and they involve different groups of defendants. For instance, claims that medical staff failed to adequately treat White's Valley Fever infection arise from a series of occurrences that is separate and distinct from instances when corrections officers were indifferent to his unsanitary conditions in segregation, discriminated against him based on his sexual orientation or gender, retaliated against him, and failed to protect him from other inmates' violence. The entire FAC is dismissed because it brings unrelated claims against different defendants that cannot proceed in a single lawsuit. White is granted leave to file a second amended complaint that complies with these joinder rules. If White elects to file an amended complaint, he must choose which claim or related claims he wishes to pursue in this action.

White is advised that each claim raised in his amended complaint must be permitted by either Rule 18 or Rule 20. For instance, White may state a single claim against a single defendant. White may then add any additional claims to his action that are against the same defendant under FRCP 18. White may also add additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2); accord General Order No. 2021-05 at ¶¶ 2(d)–(e). If White's amended complaint raises unrelated claims that violate the joinder rules, the Court will dismiss the claims it finds to be improperly joined.

White also must comply with the procedures set forth in General Order No. 2021-05 that apply to all non-habeas civil filings of pro se inmates. White should file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be titled "Second Amended Complaint." White must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, White should allege facts sufficient to show what each defendant did to violate his civil rights.

**C.      The FAC names entities that are not subject to suit under § 1983.**

The Court provides this instruction to the extent that White seeks to sue the State of Nevada or its agencies like the NDOC or the Nevada Board of Prison Commissioners ("Board") in an amended complaint. The statute that allows inmates like White to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against only a "person" acting under the color of state law. But neither the State of Nevada nor its arms like the NDOC or Board are "persons" for § 1983's purposes. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that states are not persons for § 1983's purposes); Howlett By and Through Howlett v. Rose, 496 U.S. 356, 365 (1990) (reiterating that "[t]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court"); accord Nev. Rev. Stat. § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

**D.      The FAC lacks facts to state claims against supervisory officials.**

The Court provides the following instruction to the extent that White seeks to hold any person liable for an alleged constitutional violation in his or her capacity as a supervisory official. "Because vicarious liability is inapplicable to § 1983 suits, 'a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'" Keates v. Kollie, 883 F.3d 1228, 1242 (9th Cir. 2018) (quoting Iqbal, 556 U.S. at 676). This means that "[a] supervisory official may be held liable under § 1983 only 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id. at 1242–43 (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "Even if a supervisory

official is not directly involved in the allegedly unconstitutional conduct, 'a supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" Id. at 1243 (cleaned up) (quoting Starr, 652 F.3d at 1208); accord Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (explaining that supervisory liability exists "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation" (cleaned up)).

But vague and conclusory allegations that prison officials created a deficient policy or failed to adequately train or supervise their subordinates are not enough to state a colorable claim under the theory of supervisory liability. "A court is 'not bound to accept as true a legal conclusion couched as a factual allegation' or 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Keates, 883 F.3d at 1243 (cleaned up) (quoting Iqbal, 556 U.S. at 678; and Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Moreover, allegations that a prison official merely denied an administrative grievance typically fail to state a constitutional violation. See Ramierz v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (reiterating that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure").

### E. The FAC brings duplicative claims.

The Court provides the following instruction to the extent that White seeks to file duplicative claims. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008), (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)). In assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the

action, are the same." Id. at 689. "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Id. at 688 (collecting cases). The PLRA similarly authorizes courts to dismiss a complaint "'that merely repeats pending or previously litigated claims'" as malicious. Cato, 70 F.3d at 1105 n.2 (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); see 28 U.S.C. § 1915(e)(2)(B).

White has filed numerous lawsuits challenging conditions and events that allegedly happened while he was incarcerated in the NDOC's custody. Several of the claims in the FAC appear to duplicate claims that White brought in the action styled Dixon and White v. Robert Jarrett, Case No. 2:23-cv-00171-JAD-MDC ("Dixon"). Dixon was dismissed with prejudice after the parties reached a settlement in that action. Dixon, ECF Nos. 41, 44. White is cautioned that if he chooses to file a second amended complaint, he may not bring claims that duplicate claims he is currently pursuing or previously litigated in other lawsuits.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the first application to proceed in forma pauperis (ECF No. 1) is **DENIED** without prejudice as incomplete.

**IT IS FURTHER ORDERED** that a decision on the second application to proceed in forma pauperis (ECF No. 4) is **DEFERRED**.

**IT IS FURTHER ORDERED** that the First Amended Complaint (ECF No. 6) is the operative complaint, and it is **DISMISSED without prejudice** for failure to comply with the procedural rules governing the joinder of multiple claims and defendants in a single lawsuit and the rules governing the form of pro se civil-rights complaints by inmates.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that the motion to dismiss Defendant Benjamin Estill (ECF No. 8) is **GRANTED**.

1    **IT IS FURTHER ORDERED** that the motion to dismiss the Eighth Amendment failure-

2   to-protect claim (ECF No. 15) is **GRANTED**.

3    **IT IS FURTHER ORDERED** that the motion to defer ruling on the first application to

4   proceed <u>in forma pauperis</u> and screening the original complaint (ECF No. 3) is **DENIED as moot**.

5    **IT IS FURTHER ORDERED** that the emergency motions for a temporary restraining

6   order and a preliminary injunction (ECF Nos. 9, 10) are **DENIED without prejudice**.

7    **IT IS FURTHER ORDERED** that White has until **October 31, 2024**, to file a Second

8   Amended Complaint.

9    **IT IS FURTHER ORDERED** that if White chooses to file an amended complaint, he

10   should use the approved form and he will title it "Second Amended Complaint." White is advised

11   that the Court will screen the amended complaint in a separate screening order and the screening

12   process will take several months. If White chooses not to file an amended complaint, this action

13   will be subject to dismissal without prejudice for failure to state a claim.

14    **IT IS FURTHER ORDERED** that the Clerk of the Court must **SEND** Plaintiff Toney

15   White the approved form for filing a 42 U.S.C. § 1983 complaint, instructions for the same, a copy

16   of his First Amended Complaint (ECF No. 6), and a copy of General Order No. 2021-05.

17   DATED: <u>September 30, 2024</u>

18

19

20

21   _____
     RICHARD F. BOULWARE, II

22   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28